*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JAMES ALAN VANHAITSMA,

        Plaintiff-Appellee,

v

SCOTT MYERS, SR., Personal Representative of
the ESTATE OF CLAUDE NATHAN MYERS, JR.,

        Defendant-Appellant.

UNPUBLISHED
July 24, 2026
9:47 AM

No. 374065
Missaukee Circuit Court
LC No. 24-011042-CZ

Before: MARIANI, P.J., and O'BRIEN and WALLACE, JJ.

PER CURIAM.

Defendant[1] appeals by right the trial court's December 2, 2024 order denying his motion for summary disposition under MCR 2.116(C)(10) (no genuine issue of material fact) and sua sponte granting summary disposition in plaintiff's favor under MCR 2.116(I)(2) (opposing party entitled to judgment). We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff and defendant were friends and neighbors for many years. Between December 2016 and March 2022, plaintiff loaned varying amounts of money to defendant on five separate occasions—twice through written agreements, and three times through oral agreements. First, on December 9, 2016, pursuant to a written agreement ("promissory note"), plaintiff loaned defendant

---

[1] Claude Nathan Myers, Jr., was originally the named defendant in this case, but he passed away during the pendency of this appeal. This Court thereafter granted a motion to substitute Scott Myers, Sr., the personal representative of Claude Myers's estate, as the defendant-appellant in this case. *Vanhaitsma v Estate of Claude Nathan Myers, Jr.*, unpublished order of the Court of Appeals, entered April 30, 2026 (Docket No. 374065). For ease and simplicity, this opinion uses "defendant" to refer to Claude Myers, with the understanding that Scott Myers as the personal representative of Claude's estate has now assumed that party status and Claude's position on appeal.

$52,000. Per the terms of the promissory note, defendant agreed to repay the loan in monthly installments of $8,000 plus 8% interest per annum, and four parcels of land owned by defendant, totaling to 39.5 acres, were used to secure the loan. Then, pursuant to two oral agreements made between December 2017 and January 2018, plaintiff loaned defendant a total of $16,500, which defendant agreed to repay. The parties thereafter entered into another written agreement ("loan agreement") on October 29, 2018, in which plaintiff agreed to loan defendant $90,000 and defendant agreed to repay the loan in monthly installments of $18,000 plus 8% interest per annum. The same four parcels used to secure the promissory note were also used to secure the loan agreement. In both written agreements—i.e., the promissory note and the loan agreement— defendant agreed to pay costs and attorney fees affiliated with enforcement of those agreements in the event of default. Finally, on March 8, 2022, pursuant to another oral agreement, plaintiff paid a total of $6,474.25 in back taxes for the 2020 and 2021 tax years on defendant's four parcels used to secure the written agreements and on one other parcel owned by defendant, which defendant agreed to repay.

On January 16, 2024, plaintiff filed a complaint against defendant, alleging that defendant breached these agreements by failing to fully repay the various loans as promised. Plaintiff alleged that defendant paid some money toward the written agreements and the first two oral loans, but he had not repaid any of the back taxes and, across all five loans, he still owed approximately $156,000, not including the interest, costs, and attorney fees agreed to in the written agreements. In response, defendant filed an answer *in propria persona*, in which he generally denied plaintiff's allegations that he had received the loans or had not fully repaid them.

Defendant subsequently retained counsel and filed a motion for summary disposition under MCR 2.116(C)(10), arguing that plaintiff "acknowledged, in his own writing, that [defendant] did make payments and provide other items of great value to settle any and all outstanding debt(s)," so "there simply [wa]s no issue of material fact remaining and no damages [we]re due." Specifically, defendant asserted that he paid plaintiff $24,000 in December 2017; conveyed to plaintiff a 50% ownership interest in an 80-acre parcel he owned, which was worth $100,000; and paid plaintiff $9,000 in June 2019. Defendant asserted that any remaining amount due was repaid "in 2020 when [plaintiff] took possession of [his] excavator," which had been parked on the jointly owned 80-acre parcel. As evidentiary support, defendant attached to his motion, in relevant part: (1) signed copies of the promissory note and loan agreement; (2) a handwritten note listing various amounts of money associated with certain dates; (3) a copy of the quitclaim deed conveying a 50% ownership interest in the 80-acre parcel to plaintiff in August 2018; and (4) several photos of and documents pertaining to an excavator.[2]

In his response, plaintiff argued that defendant, as the moving party, did not put forth sufficient proofs to demonstrate that he was entitled to summary disposition under MCR

---

[2] Defendant also attached documents regarding liens that plaintiff had previously sought to claim against certain parcels owned by defendant; according to defendant, these documents showed that defendant had successfully gotten the claimed liens invalidated because some of the parcels involved—including his 80-acre parcel—had not been used to secure either the promissory note or loan agreement.

2.116(C)(10). Plaintiff conceded that he erroneously included the promissory note in his complaint, as the parties had previously settled the remaining balance of that loan "by an accord and satisfaction agreement" when defendant conveyed to him a 50% ownership interest in the 80-acre parcel. Plaintiff maintained, however, that defendant still owed $87,000 plus interest on the loan agreement, $10,000 on the first two oral loans, $6,474.25 in back taxes, and interest, costs, and attorney fees in accordance with the loan agreement. As his own evidentiary support, plaintiff provided receipts showing that he paid $6,474.25 in back taxes for the 2020 and 2021 tax years on defendant's parcels in March 2022; a receipt for a $9,000 wire transfer from plaintiff to defendant in December 2017; and his own affidavit, in which he detailed how much defendant had repaid for each of the agreed-upon loan amounts, stated that none of the loans were gifts, and further stated that, except for the 50% ownership interest that was conveyed to satisfy the promissory note's balance, the parties never agreed to any other accord and satisfaction to pay off defendant's remaining debts. As to defendant's offered proofs, plaintiff asserted that defendant had provided nothing to demonstrate the value of the 80-acre parcel or that the parties intended the conveyance to act as anything beyond an accord and satisfaction for the promissory note; that the handwritten note offered by defendant had "no signature, no date, [and] no authentication," and thus did "not meet the burden necessary to support Defendant's position"; and that the photos and documents related to the excavator did nothing to show that plaintiff took the excavator or that the parties had ever agreed to use the excavator "as a set off" for defendant's outstanding loan amounts.

The trial court held a hearing on defendant's motion, at which the parties argued consistently with their briefs. The court spent much of the hearing discussing the deficiencies in defendant's offered proofs, but also noted that there was "a lot of sloppiness" by both parties throughout the case. The court stated that, based on the proofs before it, it appeared that there may be a genuine issue of material fact as to how much defendant repaid toward the written agreements, but it also appeared that the court could "award summary disposition in favor of the Plaintiff because the Defendant [did not] challenge" the first two oral agreements or the back taxes. The court emphasized, however, that it was "not making this ruling right now" and would subsequently issue a written opinion and order detailing its final ruling so that it had sufficient time to consider the parties' arguments and proofs.

The trial court thereafter issued a written opinion and order granting summary disposition to plaintiff under MCR 2.116(I)(2). The court found that there was no genuine issue of material fact regarding the promissory note because defendant admitted to breaching it and the record reflected no genuine dispute that defendant conveyed a 50% ownership interest in his 80-acre parcel to plaintiff to repay the remaining balance of that loan. The court also found that there was no genuine issue regarding the $6,474.25 in back taxes because defendant did not contest that plaintiff had paid this amount and that defendant had not repaid it. The court further found that there was no genuine issue regarding the first two oral loans because defendant admitted to breaching them and did not contest that he still owed $10,000 on them. Finally, the court found that there was no genuine issue regarding the loan agreement because defendant admitted to breaching it and did not offer evidence to contest that he still owed $87,000 on it plus interest, costs, and attorney fees, as plaintiff attested in his affidavit.

In making its findings, the trial court noted the deficiencies in the proofs defendant offered in support of his motion, particularly when considered with plaintiff's proofs, stating that defendant had "not provided any affidavits, depositions, proof of all of his payments to [plaintiff],

-3-

an appraised value of the 80-acre parcel . . . , any evidence of value of the excavator," any evidence that the loans were gifts, or any evidence that the parties intended the partial conveyance of the 80-acre parcel to "appl[y] to repayment for other loans[.]" As a result of its findings, the court awarded plaintiff "$87,000 plus attorney fees and 8% interest [per] annum as agreed to in the loan agreement," $10,000 for the first two oral loans, and $6,474.25 for the back taxes, all to be paid by defendant.[3] This appeal followed.

## II. STANDARDS OF REVIEW

"This Court reviews de novo a trial court's decision on a motion for summary disposition." *Bartalsky v Osborn*, 337 Mich App 378, 382; 977 NW2d 574 (2021). A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of a claim, and it is "properly granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Cantina Enterprises II, Inc v Property-Owners Ins Co*, 349 Mich App 682, 689; 28 NW3d 800 (2024). All evidence submitted by the parties must be viewed "in the light most favorable to the party opposing the motion," *id*. at 690, and "shall only be considered to the extent that the content or substance would be admissible as evidence to establish or deny the grounds stated in the motion," MCR 2.116(G)(6). A genuine issue of material fact does not exist unless "the record leaves open an issue upon which reasonable minds might disagree." *Green v Pontiac Pub Library*, 350 Mich App 478, 493; 32 NW3d 487 (2024).

When reviewing a motion for summary disposition, the trial court has the authority to grant summary disposition in the nonmoving party's favor sua sponte under MCR 2.116(I) if the pleadings and supporting proofs demonstrate the nonmoving party's entitlement to that relief. See *Al-Maliki v LaGrant*, 286 Mich App 483, 485; 781 NW2d 853 (2009); MCR 2.116(I)(1)-(2).

## III. DISCUSSION

On appeal, defendant does not dispute that plaintiff made the loans at issue. He also admits that he breached the written agreements by not repaying the loans provided through them in a manner consistent with the agreements' terms. Defendant, however, maintains that he ultimately repaid all of the loans in full and, because there was no genuine issue of material fact in that regard, he was entitled to summary disposition under MCR 2.116(C)(10). Defendant further argues that, even if he were not entitled to summary disposition, the trial court erred by concluding that plaintiff was entitled to summary disposition instead, as there were, at minimum, genuine issues of material fact regarding what amount, if any, defendant still owed to plaintiff for the loans. We disagree.

As discussed, the only evidence defendant offered to demonstrate that the full amount of each loan had been repaid was a handwritten note, a copy of the quitclaim deed demonstrating his conveyance of an ownership interest in his 80-acre parcel to plaintiff, and documents and photos

---

[3] Defendant then filed a motion for reconsideration of the trial court's summary-disposition determination, which the trial court denied in a written opinion and order for failure to "demonstrate a palpable error" warranting "a different disposition" as required by MCR 2.119(F)(3). In light of the analysis set forth in this opinion, we see no basis to conclude that the trial court abused its discretion by denying defendant's motion for reconsideration.

related to his excavator. Plaintiff, meanwhile, offered an affidavit addressing the date and amount of the loans he had provided to defendant; the amount, if any, defendant had repaid for each loan; and the outstanding amount, if any, for each loan. Plaintiff, in his briefing, also pointed out the deficiencies in defendant's offered proofs.

The trial court in this case correctly concluded that, based on the evidence before it, there was no genuine issue of material fact that defendant still owed plaintiff the amounts reflected in the court's award to plaintiff. Plaintiff's affidavit clearly and completely attested to these matters, and defendant's proofs were inadequate to demonstrate, or even create a genuine factual dispute, otherwise. As to the excavator, defendant's proofs, at most, established his ownership of it; defendant offered nothing to establish the value of the excavator, that plaintiff removed it from the 80-acre parcel as defendant claimed, or—even assuming plaintiff had removed it—that he did so as a means of offsetting defendant's outstanding debts. Meanwhile, plaintiff stated in his affidavit that he never took defendant's excavator and that, aside from defendant's conveyance of an ownership interest in his 80-acre parcel to satisfy the promissory note's balance, the parties never agreed to any other accord and satisfaction to pay off defendant's remaining debts. Similarly, as to the conveyance of the ownership interest in his 80-acre parcel, defendant's proofs established only that the conveyance occurred and that the parcel had not been used as security for the promissory note or loan agreement; the proofs offered nothing to create a genuine factual dispute that the conveyance was done to satisfy a debt other than that owed for the promissory note. And, as the trial court duly recognized, the timing of the conveyance belies any notion that it may have been intended to apply to the debt owed under the loan agreement, as the conveyance occurred in August 2018 and the parties did not enter into the loan agreement until October 2018.

Lastly, regarding the handwritten note, it too was inadequate to create a genuine factual dispute regarding the amounts defendant still owed to plaintiff. For the trial court to properly consider the note in connection with its summary-disposition determination, defendant was required to demonstrate that the content or substance of the note was at least plausibly admissible. See *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 373-374; 775 NW2d 618 (2009); see also MCR 2.116(G)(6). At no point, however, has defendant even attempted to do so. And although defendant asserts that the note was handwritten by plaintiff and that it detailed payments he made to plaintiff in relation to the loans at issue, nothing in the record substantiates this assertion—not even the note itself. The note is not dated or signed by either party, and does not make any mention of the parties. Nor, for that matter, is it clear from the substance of the note what amount, if any, was owed to whom, let alone who had paid whom or what those alleged payments went toward. The note simply lists specific amounts of money associated with specific dates. None of this is sufficient to demonstrate a genuine factual dispute regarding the amounts defendant still owed plaintiff, let alone to prove defendant owed nothing and was entitled to summary disposition.[4]

---

[4] On appeal, defendant also provides to this Court three affidavits, all apparently created and signed by plaintiff on February 16, 2022. According to defendant, the substance of these affidavits differs materially from the affidavit plaintiff provided to the trial court in response to defendant's motion for summary disposition, rendering the court's reliance on that latter affidavit erroneous.

Resisting this conclusion, defendant highlights the trial court's statements at the motion hearing about there being genuine issues of material fact. The court, however, repeatedly made clear at that hearing that it was not making a final ruling that day. And it is also clear from the court's final ruling that the court, after further considering the parties' arguments and proofs, ultimately reached a different conclusion than its preliminary assessment at the motion hearing. For the reasons discussed, there was no error in the trial court doing so based on the arguments and proofs before it. Similarly, defendant criticizes the trial court for improperly "conduct[ing] its own research" when rendering its summary-disposition ruling, presumably based on the trial court's comment in its written opinion and order that it had viewed publicly available information regarding the history and status of defendant's parcels that was "not presented to it by the parties." The trial court, however, also emphasized that its ruling did "not take into consideration these facts" and that it had only referenced them "to simply demonstrate that sloppiness [wa]s the hallmark of this case from both sides." Nothing in the trial court's ruling suggests otherwise. Defendant has not shown error on this basis, either.[5]

In sum, we see no error in the trial court's determination that plaintiff was entitled to the specific amounts awarded because, on the record before the court, there was no genuine issue of material fact regarding the amount of each loan still owed to plaintiff by defendant. We therefore

---

Defendant, however, did not provide or even mention these prior affidavits to the trial court in connection with his motion for summary disposition. And while he made some reference to a prior affidavit in his motion for reconsideration, he did not elaborate on its content or seemingly provide a copy to the court at that juncture, either. These affidavits thus do not provide a proper basis for assigning error to the trial court's summary-disposition ruling. See, e.g., *Maiden v Rozwood*, 461 Mich 109, 125 n 9; 597 NW2d 817 (1999); *Sherman v Sea Ray Boats, Inc*, 251 Mich App 41, 56; 649 NW2d 783 (2002). Moreover, defendant does not meaningfully explain, and we fail to see, how the content of these affidavits, when taken together with the other proofs that had been properly provided to the trial court, would demonstrate that plaintiff was not entitled to summary disposition.

[5] Defendant also asserts that the trial court, through some of its statements, demonstrated a "personal bias in favor of Plaintiff and against Defendant" and that "such bias formed the basis of its holding." Specifically, defendant takes issue with the court's statement at the motion hearing that plaintiff's "generosity that [he] gave a friend [wa]s commendable" and was "expect[ed] from good Christian people living in a nice community like this," as well as the court's statement in its order denying reconsideration that defendant "came to this case and the summary disposition motion with unclean hands and bad faith" and "continues to do so now." Defendant, however, has not meaningfully briefed the merits of this issue, leaving it improperly presented for this Court's review. See *Traverse City Record-Eagle v Traverse City Area Pub Schs Bd of Educ*, 337 Mich App 281, 296; 975 NW2d 104 (2021); *Dunn v Bennett*, 303 Mich App 767, 775; 846 NW2d 75 (2013). Furthermore, from what we can glean from the record before us, we do not see in these comments "a deep-seated favoritism or antagonism that would make fair judgment impossible" and would be sufficient to overcome the "heavy presumption of judicial impartiality." *Kern v Kern-Koskela*, 320 Mich App 212, 231-232; 905 NW2d 453 (2017) (quotation marks and citations omitted).

see no error in the trial court's determination that plaintiff, rather than defendant, was entitled to summary disposition.

Affirmed.

/s/ Philip P. Mariani
/s/ Colleen A. O'Brien
/s/ Randy J. Wallace